**(8/2011)**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF**

**CALIFORNIA**

| | |
|---|---|
| **Plaintiff(s),** ) | |
| **vs.** ) | |
| ) | **NO.  C-** |
| **SI** ) | |
| **Defendant(s).** ) | **CASE MANAGEMENT** |
| ) | **CONFERENCE ORDER** |
| ) | |

**IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on** _____

**at 2:30 p.m. in Courtroom No. 10, 19th floor Federal Building.**

**Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.  Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.**

**Counsel are directed to confer in advance of the Case Management Conference.  Not less than seven days before the conference, counsel shall file a joint case management statement in compliance with the Civil Local Rules and the Standing Order for All Judges of the Northern District of California.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.  Failure to show good cause for such failure may subject the parties to sanctions.**

*United States District Court
For the Northern District of California*

1

2 **Each party shall be represented at the Case Management Conference**

3 **by counsel prepared to address all of the matters referred to in this Order,**

4 **and with authority to enter stipulations and make admissions pursuant to**

5 **this Order.  The parties are encouraged to attend.**

6 **Any request to reschedule the above dates should be made in writing,**

7 **and by stipulation, if possible, not less than ten days before the conference**

8 **date.  Good cause must be shown.**

9 **At the case management conference the parties should be prepared**

10 **to address and resolve the following: setting the date and the estimated**

11 **length of the trial; setting the date for discovery cutoff; setting the date to**

12 **designate experts and other witnesses; and setting the date for the pretrial**

13 **conference.**

14 **Standing Orders: All parties shall comply with the Standing Order for**

15 **All Judges of the Northern District of California concerning the contents of**

16 **the joint case management conference statement and Judge Illston's**

17 **Standing Order.**

18 **Failure to comply with this Order or the Local Rules of this Court**

19 **may result in sanctions.  See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.**

20

21 **NOTICE TO PRO SE LITIGANTS IN NON-PRISONER ACTIONS:**

22 **If you are proceeding in this lawsuit without an attorney, and have not**

23 **been granted leave to proceed *in forma pauperis*, then the following**

24 **directives apply to you in the prosecution of your case.**

25 **The court hereby ORDERS you to comply with the service**

26 **requirements of Rule 4 of the Federal Rules of Civil Procedure as set forth**

27 **below. Failure to follow the procedures set forth in this order may result,**

28

28

2

under Rule 4 (m), in dismissal of your case.

It is your responsibility to obtain a valid summons from the clerk and to effect service of the summons and complaint on all defendants in accordance with

Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States government, a federal agency, a federal official or a federal employee as a defendant, you must comply with the special requirements of Rule 4 (i).

Service may be effected by any person who is not a party and who is at least 18 years of age, which means that you, as a party, may not effect service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, your action will, under Rule 4 (m), be dismissed as to that defendant.

Within 125 days after the filing of the complaint, you must file proof of service indicating which defendants were served within the 120 days allowed under Rule 4 (m) and showing, in accordance with Rule 4 (i), how each of those defendants was served (for example, by attaching appropriate certificates of service). You must also show cause why a defendant not served within the 120 days allowed under Rule 4 (m) should not be dismissed without prejudice.

Failure to do these things within the designated time will result in the dismissal of your case under Rule 4 (m) and Rule 41 (b).

For additional information on procedures for litigating in Federal Court, pro se litigants are encouraged to call the Court's Federal Pro Bono Project at 415-7829000 x 8657 or visit the Legal Help Center in the Federal Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102.

IT IS SO ORDERED.

Dated: 8/1/11                                      SUSAN ILLSTON
                                                    United States District Judge

1

2

3                              **JUDGE ILLSTON'S STANDING ORDER**

4

5

6      **1.      Scheduling Days:**

7

8             **Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.**

9

10

11            **Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.**

12

13            **Civil Case Management Conferences are generally conducted on Fridays at**

14     **2:30 p.m. with the order of call determined by the Court.**

15

16

17            **Pretrial Conferences are generally conducted on Tuesday afternoons at 3:30**

18     **p.m.**

19

20            **Counsel need not reserve motion hearing dates, but may call the clerk to**

21     **obtain the next available law and motion calendar.  Motions may be reset as**

22     **the Court's calendar requires. All parties are directed to comply with the**

23     **Civil Local Rules except as identified in this Order.**

24

25

26            **2.      Discovery Disputes:**

27

28            **The parties shall meet and confer in person, or, if counsel are located outside**
       **the Bay Area, by telephone, to attempt to resolve their dispute informally. A**
       **mere exchange of letters, e-mails, telephone calls, or facsimile transmissions**

does not satisfy the requirement to meet and confer.

1
2
3
4
5
6
        If, after a good faith effort, the parties have not  resolved their dispute, they shall prepare a concise joint statement of 5 pages or less, stating the nature and status of their dispute. Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto.

7
8
9
10
11
        If a joint statement is not possible, each side may submit a brief individual statement of 2 pages or less. The joint statement or individual statements shall be filed or e-filed, if in an e-filing case, and courtesy copies submitted as provided by the Civil Local Rules.

12
13
14
15
        The Court will advise the parties regarding the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b).

16
17
**3.**      **Sealed Documents (Civil L.R. 79-5; G.O. 62):**

18
19
20
21
22
23
24
        This Court does not require the filing of Administrative Motions to seal (Civil L.R. 7-11).  The Court will accept stipulations (Civ. L.R. 7-12) or an ex-parte application (Civ. L.R. 7-10) with proposed orders in lieu of the administrative motion.  In the event an agreement and stipulation for leave to file under seal is not possible, an ex-parte application shall be filed instead. Oppositions to ex-parte applications and proposed order must be submitted to the Court immediately.

25
26
27
   //
28
   /
   //
   /

/ /

/

**4.  Courtesy Copies:**

>   **All courtesy copies must be three-hole punched at the left margin.  All
>   courtesy copies must bear the ECF stamp (case number, document number,
>   date and page number) on the top of each page.**

**5.  Summary Judgment Motions:**

>   **Parties are limited to filing one motion for summary judgment.  Any party
>   wishing to exceed this limit must request leave of Court.**

**IT IS SO ORDERED**


**Dated: July 28, 2011**

                                          **SUSAN ILLSTON**
                                          **United States District Judge**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

**Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:**

**1.      Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

**2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.**

**3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

**4.      Motions: All prior and pending motions, their current status, and any anticipated motions.**

**5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

-7

**6.** **Evidence Preservation:** Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**7.** **Disclosures: Whether there** has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

**8.** **Discovery:** Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

**9.** **Class Actions: If** a class action, a proposal for how and when the class will be certified.

**10.** **Related Cases: A**ny related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.** **Relief: All relief** sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**12.** **Settlement and ADR: Prospects for** settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

**13.** **Consent to Magistrate Judge For All Purposes: Whether all par**ties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.** **Other References: Whether the** case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues: I**ssues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**16.** **Expedited Schedule: Whether** this is the type of case that can be handled on an

expedited basis with streamlined procedures.

17.     <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     <u>Trial: Whether the c</u>ase will be tried to a jury or to the court and the expected length of the trial.

19.     <u>Disclosure of Non-party Interested Entities or Persons: Whether ea</u>ch party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.